IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIM MASSEY, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                No. 4:22-cv-148-KGB

**THE JENKINS MEMORIAL CHILDREN'S**              **DEFENDANT**
**CENTER AND JENKINS INDUSTRIES, INC.**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Named Plaintiff Kim Massey, individually and on behalf of all others similarly situated (together with Named Plaintiff, "Plaintiffs"), and Defendant The Jenkins Memorial Children's Center and Jenkins Industries, Inc. ("Defendant"), by and through their respective undersigned counsel, for their Joint Motion for Approval of Settlement, state as follows:

1. On February 15, 2022, Named Plaintiff, individually and on behalf of all others similarly situated, filed suit against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). ECF No. 1. Specifically, Named Plaintiff alleged that Defendant failed to pay her and all others similarly situated all of their regular wages and overtime compensation for interrupted sleep time between the hours of midnight and 6:00 A.M. *Id.* Named Plaintiff alleged that Defendant automatically deducted the hours between 12:00 A.M. and 6:00 A.M. regardless of how much time Named Plaintiff and all others similarly situated spent performing their duties during those hours. *Id.*

2. On April 29, 2022, Named Plaintiff filed a Motion for Conditional

Page 1 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

Certification seeking certification of a collective consisting of "[A]ll Waiver Workers employed by Defendant within the three years prior to the filing of Plaintiff's Original Complaint" and requesting the issuance of Notice and Consent forms to those current and former employees. ECF No. 10 & ECF No. 10-1.

3. The Court granted the Motion in part on March 31, 2023, conditionally certifying a collective consisting of all Direct Support Professionals employed by The Jenkins Memorial Children's Center and Jenkins Industries, Inc., at any time since February 15, 2019. ECF No. 34. The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

4. An opt-in period ensued, and by the close of the opt-in period, a total of approximately sixty-six (66) additional individuals returned a Consent to Join form. *See, e.g.*, ECF Nos. 7-9, 16-17, 19-20, 22, 35-39, 41, 44-46, & 48. Over the course of the litigation, approximately seventeen (17) Opt-In Plaintiffs withdrew their Consents to Join. *See, e.g.*, ECF Nos. 59-60, 67-70.

5. Following the opt-in period, Defendant provided timesheets and payroll data for Plaintiffs. To arrive at their estimated damages, Plaintiffs' counsel reviewed each Plaintiff's timesheets and payroll data, as well as Plaintiffs' estimate of their off-the-clock hours. Using this information, Plaintiffs' counsel was able to determine the amount of alleged lost wages for Plaintiffs.

6. After Defendant provided time records and payroll data, and after additional discovery, including the deposition of Named Plaintiff, the Parties entered into arm's-length settlement discussions. These negotiations culminated in a settlement in principle that resolved the claims in this case.

Page 2 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

7. The Parties now seek this Court's approval of their settlement agreement as memorialized in the fully executed Settlement Agreement attached as Exhibit 1 ("Agreement"), and request that the Court dismiss Plaintiffs' claims in full.

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the Agreement . . .."). The district court must determine that "the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Bryson v. Patel*, No. 4:20-cv-00065-ERE, 2021 U.S. Dist. LEXIS 111503, at *1-2 (E.D. Ark. June 15, 2021) (internal quotations and citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (the adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement).

9. Ultimately, if the proposed FLSA settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Bryan v. Mississippi Cty., Arkansas*, No. 3:18-cv-130-DPM, 2020 U.S. Dist. LEXIS 86019, at *1 (E.D. Ark. May 12, 2020) (approving proposed liability settlement that was "[a]ll material things considered, . . . fair, reasonable, and adequate"); *Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 U.S. Dist. LEXIS 195784, at *5 (E.D. Ark. Nov. 12, 2019) (approving proposed settlement that both provided a reasonable recovery to the plaintiff and furthered the implementation of the

Page 3 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

FLSA in the workplace).

10. The Agreement was reached after extensive, arms-length negotiations between experienced counsel, and it settles bona fide wage and hour disputes. Specifically, Plaintiffs allege that they were owed wages for off-the-clock work, which went unrecorded and uncompensated, including for work that occurred overnight during their purported sleep time. Defendant avers that it paid Plaintiffs proper wages for all of their hours worked and that Plaintiffs are not owed any back pay.

11. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both Parties, as well as written discovery and the deposition of Named Plaintiff. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with additional discovery, motion practice, trial and potentially an appeal.

12. This settlement was driven by ongoing expense associated with further litigation and Defendant's potential exposure posed by Plaintiffs' alleged damages. To arrive at their estimated damages, Plaintiffs' counsel reviewed each Plaintiff's timesheets and payroll data, as well as Plaintiffs' estimate of their off-the-clock hours. Using this information, Plaintiffs' counsel was able to determine the amount of alleged lost wages for Plaintiffs.

13. Under the terms of the settlement agreement, each participating Plaintiff is receiving a percentage of the $130,000 settlement amount in relation to each Plaintiff's

Page 4 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

damages as calculated by Plaintiffs' Counsel based on their dates of employment, work schedules, rates of pay with Defendant, and estimated off-the-clock hours, with a set agreed minimum amount of $600 for any Plaintiff.

14. In addition, Named Plaintiff is receiving a service award of $5,000 for her signing of the global release within the Agreement and for her time spent litigating the Action. This amount for a service award has been approved in the past in the Eastern District of Arkansas. *See, e.g.*, *Clark v. SW. Energy Co.*, Case No. 4:20-cv-00475-KGB, 2024 U.S. Dist. LEXIS 55003, at *4-5 (E.D. Ark. Mar. 27, 2024), as well as ECF No. 77-1 in *Clark*.

15. The Agreement is not conditioned upon confidentiality, non-disparagement, or any other additional terms deemed to be overly restrictive.

16. The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, the Parties reached an amount of attorneys' fees separate from and after the settlement of Plaintiffs' settlement fund. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

Page 5 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

17. This was a reasonable compromise, largely due to the fact that the Parties vigorously disputed the number of hours actually worked by Plaintiffs in each given week. If Defendant were able to convince the factfinder at trial that very little off-the-clock work occurred, then Plaintiffs would potentially have been entitled to little, if any, damages.

18. The Parties jointly submit this request for approval of the Settlement Agreement as requested herein. The Parties request that following the Court's approval of the Agreement, the Court retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an Order approving the Agreement, retaining jurisdiction to enforce the terms of the Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**KIM MASSEY, Individually
And on Behalf of All Others
Similarly Situated, PLAINTIFF**

FORESTER HAYNIE, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
Telephone: 214-210-2100

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

and **DEFENDANT THE JENKINS
MEMORIAL CHILDREN'S CENTER
AND JENKINS INDUSTRIES, INC.**

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 372-6175

Page 6 of 7
Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB
Joint Motion for Approval of Settlement

/s/ *James D. Robertson*\_\_\_\_\_
James D. Robertson
Ark. Bar No. 95181
jrobertson@barberlawfirm.com

**Page 7 of 7**
**Kim Massey, et al. v. The Jenkins Memorial Children's Center and Jenkins Industries, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-128-KGB**
**Joint Motion for Approval of Settlement**