IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIM MASSEY, individually and on**
**behalf of all others similarly situated**                                                                              **PLAINTIFF**

v.                                      Case No. 4:22-cv-00148 KGB

**JENKINS MEMORIAL**
**CHILDREN'S CENTER and**
**JENKINS INDUSTRIES, INC.**                                                                                                 **DEFENDANT**

## ORDER

Plaintiff Kim Massey, individually and on behalf of all others similarly situated, filed this action against former employers Jenkins Memorial Children's Center and Jenkins Industries, Inc. (collectively "Jenkins Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* Before the Court is the parties' joint motion for approval of settlement (Dkt. No. 77).

The parties represent that they have entered into a settlement agreement and release of claims ("Settlement Agreement"), a copy of which is attached as Exhibit 1 to the joint motion for approval of settlement (Dkt. No. 77-1). The parties now request that the Court approve the Settlement Agreement. The Court previously certified a collective action in this case (Dkt. No. 34). The Court acknowledges that numerous consents to join have been filed with the Court (Dkt. Nos. 7–9, 16, 17, 19, 20, 22, 35–39, 41, 44–46, 48), with the parties representing that 66 individuals opted into the lawsuit (Dkt. No. 77-1, at 1). Further, the Court acknowledges that several notices to withdraw consents to join have been filed with the Court (Dkt. Nos. 59, 60, 67–70), with the parties representing that 17 individuals who previously opted into the lawsuit withdrew their consent to join (Dkt. No. 77-1, at 1). Accordingly, the Settlement Agreement, if approved by the

Court, will bind only the individuals named in Appendix A of the Settlement Agreement on the Settlement Allocation (Dkt. No. 77-1, at 13–14).

At the outset, the Court recognizes that there is some disagreement as to whether a private settlement of FLSA claims requires court approval, at least in the absence of a certified class or collective action.  The first court to consider this question was the Eleventh Circuit in the case of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  In that case, the Eleventh Circuit interpreted the FLSA to prohibit parties from entering into private settlements of FLSA claims without either the approval of the district court or the Department of Labor.  *See id.* at 1352–53; *but see Fernandez v. A-1 Duran Roofing, Inc.*, Case No. 12-CV-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) ("[T]he Court finds that both Parties were represented by counsel and therefore negotiated a settlement of this matter in an adversarial proceeding. Therefore, the Court finds that approval is not necessary.") (internal citations omitted).

This Court has previously endorsed the *Lynn's Food* approach.  *See Knight v. Idaho Timber of Carthage, LLC*, Case No. 5:18-CV-00215-KGB, 2019 WL 4923151, at *1 (E.D. Ark. Oct. 4, 2019); *Younger v. Centers for Youth & Families, Inc.*, Case No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017); *Cruthis v. Vision's*, Case No. 4:12-CV-00244-KGB, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014).  The Second Circuit has done so as well, requiring judicial approval of all FLSA settlements.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

In contrast, the Fifth Circuit has held that "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."  *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 634 (W.D. Tex. 2005)); *see also Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124,

131 (D.D.C. 2014) ("[N]o binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*.")

The Eighth Circuit acknowledged this circuit split in *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018), but specifically declined to weigh in on it. More recently, the Eighth Circuit held that "any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees," but stopped short of deciding whether private settlements relating to FLSA claims require court approval. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Nonetheless, because the parties have submitted a proposed settlement agreement for the Court's review and approval, and because declining to review the proposed FLSA settlement *ex ante* would leave the parties in an uncertain position, the Court will review the Settlement Agreement's FLSA-related terms for fairness.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353 (citations omitted). District courts to apply the *Lynn's Food* approach have typically divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-CV-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. Aug. 23, 2017) (applying the *Dees* two-step approach). "In essence, the Court must ensure that the parties are not,

via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (citing 29 U.S.C. §§ 206–207)). "The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 51 F. Supp. 3d at 134 (citing *Brumley v. Camin Cargo Control, Inc.*, Case No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *5–9 (D.N.J. Mar. 26, 2012)).

Having reviewed the Settlement Agreement and the record in this case, the Court determines that the Settlement Agreement both provides a reasonable recovery to Massey and those plaintiffs who opted into the action and furthers the implementation of the FLSA in the workplace. The Settlement Agreement was reached by arm's length negotiation, and all parties involved have been represented by experienced counsel throughout the litigation. Therefore, the Court grants the joint motion for approval of settlement and approves of the Settlement Agreement (Dkt. No. 77). The Court approves of the service award to Massey, who served as the named plaintiff throughout this action (*Id.*, at 5). Further, the parties represent that they reached an amount of attorneys' fees separate from and after resolution of the Settlement Agreement for plaintiffs (*Id.*). The parties do not seek Court review of the attorneys' fees (*Id.*). The attorneys' fees are set forth in the Settlement Agreement (Dkt. No. 77-1, at 4). For these reasons, the action is dismissed with prejudice and without costs or fees to any party, except as otherwise provided in the Settlement Agreement.

It is so ordered this 26th day of September, 2025.

/s/ Kristine G. Baker
Kristine G. Baker
Chief United States District Judge